# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALSTON E. SAMUELS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 3:08CV1605(MRK) |
| | : | |
| IMMIGRATION AND NATIONALITY | : | |
| SERVICE and COMMISSIONER | : | |
| OF CORRECTIONS, | : | |
| Respondents. | : | |

## RULING AND ORDER

Pending before the Court are Petitioner Ralston Samuels's Application for a Writ of Habeas Corpus [doc. # 1] and his Motion to Cancel His Deportation Order [doc. # 2]. The Court issued an Order to Show Cause [doc. # 4] on October 22, 2008. The Government filed a Response to the Order to Show Cause [doc. # 8] and Mr. Samuels filed a Rebuttal to the Response [doc. # 10]. Because the Court concludes that it does not have jurisdiction over Mr. Samuels's claims, the Court DENIES Mr. Samuels's Application for a Writ of Habeas Corpus [doc. # 1] and further DENIES his Motion to Cancel His Deportation Order [doc. # 2].

## I.

The facts of the case are briefly as follows. In 2000, Mr. Samuels was convicted of four counts of sexual assault in the second degree in violation of Conn. Gen. Stat. § 53a-71(a)(1) and four counts of risk of injury to a child in violation of Conn. Gen. Stat. § 53-21(2). Although the Appellate Court reversed the conviction on a number of evidentiary grounds, *see State v. Samuels*, 817 A.2d 719 (Conn. 2003), the Supreme Court of Connecticut reversed the Appellate Court and affirmed the judgment of the trial court. *See State v. Samuels*, 273 Conn. 541 (2005). The trial court sentenced Mr. Samuels to thirty years incarceration, execution suspended after fifteen years, with twenty-seven

months as a mandatory minimum.

On February 16, 2001, Mr. Samuels was issued a Notice to Appear charging him as being subject to removal as an aggravated felon pursuant to Section 237 (a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") on the basis of his conviction for sexual assault in the second degree. *See* Response to the Order to Show Cause [doc. # 8] Ex. B.  After Mr. Samuels appealed his conviction, the government amended the charges to include removal as an aggravated felon on the basis of an earlier conviction for assault in the third degree.  *See id.* Ex. D.  Because Mr. Samuels's conviction for sexual assault was on appeal, the Immigration Judge considered only the charge of assault in the third degree, to which he had pled guilty, and found Mr. Samuels subject to removal on that ground.  The Immigration Judge specifically asked Mr. Samuels whether he feared persecution or torture in Jamaica and Mr. Samuels answered no.  *See id.* Ex. E.

Mr. Samuels appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), but failed to file his brief in a timely fashion.  It appears that Mr. Samuels did request an extension of time to file his brief.  *See* Rebuttal to the Response [doc. # 10] Ex. 1.  However, while the request for an extension is dated November 22, 2002, the BIA did not receive the request until December 5, 2002, two days after the deadline to file the brief had passed.  *See* Response to the Order to Show Cause [doc. # 8] Ex. F.  The BIA denied Mr. Samuels's request for an extension of time to file his brief because he failed to file for the extension before the deadline and affirmed the Immigration Judge's decision without opinion.  *See* Application for a Writ of Habeas Corpus [doc. # 1] Ex. 2.  Mr. Samuels did not appeal the BIA's decision.

## II.

In his Application for a Writ of Habeas Corpus [doc. # 1], Mr. Samuels makes several arguments for why this Court should vacate the removal order against him.  He first argues that the BIA's failure to allow him to file an untimely brief violated his right to due process.  Second, he argues that if he is removed to Jamaica, he would be at risk for serious injury or death because of his status as a bisexual male.  He writes that "Jamaica [is] a country that ha[s] zero tolerance for gays, lesbians, bisexual[s] and transexuals [sic].  The Jamaican culture is known for and has been killing gays for many years.  Jamaicans made it clear, even in their music, that gays, or, in Jamaican term 'Batty Boy' must die."  *See* Application for a Writ of Habeas Corpus [doc. # 1] at 6.

Mr. Samuels's contentions that he will be harmed or killed if he is removed to Jamaica are very serious and the Court does not treat them lightly.  Moreover, the Court agrees that it is troublesome that the BIA did not grant his request for an extension of time to file his brief, despite the fact that Mr. Samuels was incarcerated and, it appears, sent the request at least one week prior to the filing deadline.  Mr. Samuels can hardly be faulted for not having access to overnight courier services that would have guaranteed a timely delivery.  It is doubly troublesome because the Second Circuit subsequently held that assault in the third degree under Connecticut law – the crime on which basis the Immigration Judge ordered Mr. Samuels removed – is not a crime of violence and, hence, not an aggravated felony that subjects an alien to removal.  *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003).  The fact that Mr. Samuels was ordered removed on a legal theory that was explicitly rejected by the Second Circuit renders appellate review of his removal order all the more important.

However, these are not issues that this Court can consider because it does not have jurisdiction over Mr. Samuels's claims.  Although in the past an alien was not precluded from

-3-

bringing a habeas petition in district court to challenge an order of removal, this changed with the REAL ID Act of 2005, which provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).  This new provision "strip[ped] district courts of jurisdiction to hear habeas petitions challenging final orders of deportation." *Wang v. Dept. of Homeland Security*, 484 F.3d 615 (2d Cir. 2007); *see also Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir. 2005) (The "Act 'eliminates habeas corpus review of orders of removal.").  In this case, therefore, the Second Circuit is the only court that would have jurisdiction to review Mr. Samuels's order of removal.

Mr. Samuels argues that his order of removal is not a decision by the Attorney General, but he is mistaken.  The Attorney General has delegated his authority to the BIA and, thus, a decision by the BIA is a decision by the Attorney General.  *See Zhang v. Gonzales*, 457 F.3d 172, 176 (2d Cir. 2006).  Mr. Samuels also requests that the Court transfer his case to the court that does have jurisdiction over his claims, namely, the Second Circuit.  However, the Court can only transfer a case to cure lack of jurisdiction if it "could have been brought [in the correct court] at the time it was filed or noticed."  28 U.S.C. § 1631.[1]  On October 20, 2008, the date on which Mr. Samuels filed this action, he could not have filed a petition for review with the Second Circuit.  This is so because he was required to file his petition for review within thirty days of the BIA's decision.  *See* 8 U.S.C. § 1252(b)(1);  Application for a Writ of Habeas Corpus [doc. # 1] Ex. 2 (citing date of the BIA's

---

[1]  The REAL ID Act also allowed the transfer of cases to the appropriate court of appeals that were pending in district court on the date of enactment.  *See* 8 U.S.C. § 1252(c).  Mr. Samuels cannot avail himself of this provision, however, because he filed his case over three years after the REAL ID Act was enacted.

decision as February 13, 2003).  The "30-day time limit is 'a strict jurisdictional prerequisite.'" *Wang*, 484 F.3d at 618.  As the Second Circuit explained in *Wang*, because it "would have lacked jurisdiction over [Mr. Samuels's] petition for review had it been filed in [the Second Circuit] at the time it was filed or noticed in the District Court, transfer under § 1631 [is] not permitted."  *Id.*

Therefore, the Court has no choice but to deny Mr. Samuels's Application for a Writ of Habeas Corpus [doc. # 1] on the grounds that it lacks jurisdiction to hear his claims.  Without attempting to provide an exhaustive list of possible remedies that Mr. Samuels may decide to pursue, the Court suggests that Mr. Samuels petition the BIA to reopen his case on the basis of the Second Circuit's decision in *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003).  The Court sincerely hopes that Mr. Samuels will be able to raise his fear of persecution in Jamaica in some other forum.  However, this Court cannot hear his claims.

### III.

For the forgoing reasons, the Court DENIES the Application for a Writ of Habeas Corpus [doc. # 1]  further DENIES the Motion to Cancel Deportation Order [doc. # 2].  **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: January 7, 2009.**